# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| William Allen Stone,<br><br>　　　　Plaintiff,<br>　v.<br><br>Georgetown County; Georgetown County Sheriff; Officer David Law; Officer Brandon K Sonko; 15th Circuit Solicitor's Office; Thomas Groom Terrell, III; Michell Barbara Nelson-Padget; Allen Bradley Stone,<br><br>　　　　Defendants. | Case No. 2:23-cv-03138-RMG-MGB<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (R&R), recommending that Defendants Georgetown County and Georgetown County Sheriff's Office ("GCSO") motion to dismiss in part be granted. (Dkt. No. 29). Plaintiff objected to the R&R. (Dkt. No. 34). Defendants Georgetown County and GCSO replied to Plaintiff's objection. (Dkt. No 35).

I. **Background**

Plaintiff was arrested after an alleged alternation with his son.[1] (Dkt. No. 29 at 1). Plaintiff alleged that Defendant GCSO "failed to conduct a legitimate investigation into the underlying altercation and the charges were eventually dismissed." (*Id.* at 2). Defendant Georgetown County moved to dismiss all claims brought against it. (Dkt. No. 4). Plaintiff consented to the dismissal of Defendant Georgetown County. (Dkt. No. 26). Defendant GCSO moved to dismiss the § 1983

---

[1] The facts, none of which are disputed for the purposes of the motion to dismiss, are drawn from the R&R.

1

claim brought against it, arguing that it is immune under the Eleventh Amendment. (Dkt. No. 4). Plaintiff opposes dismissal of Defendant GCSO. (Dkt. No. 26).

First, the Magistrate Judge found "Plaintiff consents to the dismissal of Georgetown County. . . He does not expressly object to Defendants' request that the dismissal be with prejudice. Accordingly, the undersigned recommends any claims brought against Georgetown County be dismissed, with prejudice." (Dkt. No. 29 at 3).

Second, the Magistrate Judge found that "[w]hile Plaintiff asserts that GCSO 'should remain a party to this action,' he does not acknowledge Defendants' assertion that it is immune from the § 1983 claim under the Eleventh Amendment." (*Id.* at 4). Applying the relevant case law, the Magistrate Judge found that "the Eleventh Amendment bars Plaintiff's § 1983 claim against Defendant GCSO." (*Id.* at 5).

The entirety of Plaintiff's objection to the R&R is as follows:

> The Plaintiff, William Allen Stone, hereby files his objections to the Report and Recommendation. The Court has errored in recommending the dismissal of Georgetown County as the Plaintiff has already consented to this dismissal. The Court's recommendation is unnecessary. (Dkt. No. 34).

This matter is ripe for the Court's review.

## II.   Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### III. Discussion

The Court finds that Plaintiff's objection, if Plaintiff's comment is to be taken as an objection, is not specific. *See Addison v. CMH Homes, Inc.*, 47 F. Supp. 3d 404, 411 (D.S.C. 2014) ("If a party fails to properly object because the objections lack the requisite specificity, the court need not conduct a de novo review"). Plaintiff objects to the fact that the R&R disposed of an issue that he believes was already resolved by consent of the parties. (Dkt. No. 34). However, as outlined in the R&R, Defendants asked that the claims be dismissed with prejudice, and Plaintiff generally consented to dismissal. (Dkt. No. 29 at 3). Thus, the Magistrate Judge properly addressed the last issue regarding Defendant Georgetown County – whether dismissal is with or without prejudice.

Furthermore, Plaintiff does not object to the Magistrate Judge's finding that "the Eleventh Amendment bars Plaintiff's § 1983 claim against Defendant GCSO." (Dkt. No. 29 at 5). In fact, Plaintiff does not address this issue in either the briefing on the motion to dismiss or his objection to the R&R. "In any event, "[a]s an agency of the state, the Georgetown County Sheriff's Department is immune from suit under the Eleventh Amendment to the United States Constitution which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts." *Carter v. Georgetown Cnty. Sheriff's Dep't*, No. C/A 3:09-779-CMC-JRM, 2009 WL 1393509, at *3 (D.S.C. May 18, 2009).

IV.     <u>Conclusion</u>

Based on the reasons set forth above, the Court adopts the R&R (Dkt. No. 29) as the Order of the Court. All claims against Defendant Georgetown County and the § 1983 claim against Defendant GCSO are dismissed with prejudice.

**AND IT IS SO ORDERED.**


<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

August 17, 2023
Charleston, South Carolina