# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| William Allen Stone,<br><br>　　　　Plaintiff,<br>　v.<br><br>Georgetown County Sheriff; Officer David Law; Officer Brandon K Sonko; 15th Circuit Solicitor's Office; Thomas Groom Terrell, III; Michell Barbara Nelson-Padget; Allen Bradley Stone,<br><br>　　　　Defendants. | Case No. 2:23-cv-03138-RMG-MGB<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending the Court grant Defendant Thomas Terrell's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 43). Plaintiff objects to the R&R. (Dkt. No. 44). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and overrules Plaintiff's objections.

**I.　Background**

In June 2021, Plaintiff was arrested after an alleged alternation with his son. (Dkt. No. 1-1 at ¶ 23). On September 9, 2022, the criminal charges against Plaintiff were dismissed, and on March 2, 2023, Plaintiff's criminal record was expunged. (*Id.* at ¶ 48). The gravamen of Plaintiff's complaint is that Defendants[1] "failed and refused to use any care and exercise their duties as police

---

[1] The R&R mistakenly stated that Defendant Georgetown County and Defendant Georgetown County Sheriff's Office were dismissed as Defendants in this action. (Dkt. No. 43 at 1 n.1). This Court granted dismissal of all claims against Defendant Georgetown County and the § 1983 claim against Defendant Georgetown County Sherriff's Office. (Dkt. No. 37). Defendant Georgetown County Sheriff's Office, however, still has pending state law claims asserted against it, so it remains as a party to this action.

1

officer/Solicitor to obtain the truth of the matter and in doing so violated the Plaintiff's rights as a citizen of South Carolina and the United States." (*Id.* at ¶ 50).

Relevant here, Plaintiff brings suit against Defendant Thomas Terrell, the state prosecutor who advanced the criminal charges against Plaintiff. After Plaintiff had already been arrested and charged, Defendant Terrell notified Plaintiff that the State intended "to use all conviction of crimes in excess of ten years old to impeach" Plaintiff. (*Id.* at ¶ 29). Then, Defendant Terrell "called a grand jury" and "had the Plaintiff's charges upped to Assault and Battery of a High and Aggravated Nature without any discussions with the Plaintiff or his evidence that proved otherwise." (*Id.* at ¶¶ 31-32).

Defendant Terrell moved to dismiss Plaintiff's against him for violation of 42 U.S.C. § 1983, abuse of process, intentional infliction of emotion distress, and malicious prosecution. (Dkt. No. 31). Plaintiff opposed to motion (Dkt. No. 33), and Defendant Terrell replied. (Dkt. No. 39).

The Magistrate Judge recommended that the Court dismiss the claims against Defendant Terrell. (Dkt. No. 43 at 4). First, the Magistrate found that Defendant Terrell is entitled to absolute immunity against Plaintiff's § 1983 claim. (*Id.* at 4). Second, and relatedly, the Magistrate found that the South Carolina Tort Claims Act provides Defendant Terrell immunity against Plaintiff's state law claims. (*Id.* at 8).

Plaintiff objected to the R&R. (Dkt. No. 44). Plaintiff argues that Defendant Terrell is not entitled to absolute immunity because he "failed and refused to protect the rights of the Plaintiff, failed and refused to conduct a proper investigation[,] and failed to properly exercise his administrative duties which are not protected by absolute immunity." (*Id.* at 5). This matter is ripe for the Court's review.

**II.     Legal Standard**

   A. Report and Recommendation

2

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R&R Plaintiff specifically objects. FED. R. CIV. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Since Plaintiff specifically objected to the R&R, the Court will undertake a *de novo* review.

B. <u>Motion to Dismiss</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). While the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

III. <u>Discussion</u>

A. <u>Defendant Terrell is entitled to immunity from Plaintiff's § 1983 claim.</u>

3

"Prosecutors have absolute immunity for activities in or connected with judicial proceedings." *Mills v. Greenville Cnty.*, 586 F. Supp. 2d 480, 485 (D.S.C. 2008)  "Because absolute immunity safeguards the process, not the person, it extends only to actions 'intimately associated with the judicial phase of the criminal process.'" *Nero v. Mosby*, 890 F.3d 106, 117–18 (4th Cir. 2018) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)).  To determine whether alleged wrongdoing is 'intimately associated with the judicial phase,' courts look to "the nature of the function performed." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (citation omitted).

"In applying this functional approach, the Supreme Court has distinguished between advocative functions and investigative or administrative functions, holding that the former enjoy absolute immunity but the latter do not." *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018).  As outlined in *Nero*, 890 F.3d at 118:

> A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, 113 S.Ct. 2606, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, 118 S.Ct. 502, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 492, 111 S.Ct. 1934, and presents evidence at trial, *Imbler*, 424 U.S. at 431, 96 S.Ct. 984.  In contrast, a prosecutor does not act as an advocate, but rather in an investigative or administrative capacity, when she gives legal advice to police during an investigation, *Burns*, 500 U.S. at 493, 111 S.Ct. 1934, investigates a case before a probable cause determination, *Buckley*, 509 U.S. at 274, 113 S.Ct. 2606, and personally attests to the truth of averments in a statement of probable cause, *Kalina*, 522 U.S. at 129, 118 S.Ct. 502.

The Court finds that Defendant Terrell has carried his burden of showing that he is entitled to absolute immunity from Plaintiff's § 1983 claim.  First, Plaintiff's complaint does not allege that Defendant Terrell was operating within an administrative or investigative function when the alleged wrongdoings occurred.  Although Plaintiff makes this argument in his objections to the R&R, he does not point to any allegations in his complaint to support this bare conclusion.  While

4

the Court must accept the facts in a light most favorable to the non-moving party on a motion to dismiss, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Second, Plaintiff's allegations in relation to Defendant Terrell demonstrate that Plaintiff's quarrel is with Defendant's Terrell's conduct *after* there was a probable cause determination and an arrest. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 274 (1993) ("The prosecutors do not contend that they had probable cause to arrest petitioner or to initiate judicial proceedings during that period. Their mission at that time was entirely investigative in character. A prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested."). As Defendant Terrell correctly argues, the specific conduct that Plaintiff challenges falls squarely within Defendant Terrell's role as an advocate. To the extent that Plaintiff's objections attempt to hinge liability on the fact that Defendant Terrell did not conduct an independent investigation, Plaintiff's argument still fails. *See, e.g., Scott v. Hern*, 216 F.3d 897, 909 (10th Cir. 2000) (reasoning that "prosecutors are absolutely immune from liability for allegedly failing to conduct an adequate, independent investigation of matters referred to them for prosecution") (citations committed). Plaintiff's allegations all concern Defendant Terrell's actions in the judicial phase of Plaintiff's criminal case. Accordingly, Defendant Terrell is entitled to immunity from Plaintiff's § 1983 claim.

    B. <u>Defendant Terrell is immune from Plaintiff's state law claims.</u>

The South Carolina Tort Claims Act ("SCTCA") provides that a "governmental entity is not liable for a loss resulting from: . . . (1) legislative, judicial, or quasi-judicial action or inaction; [or] (2) administrative action or inaction of a legislative, judicial, or quasi-judicial nature." S.C. CODE ANN. § 15-78-60 (1)-(2). As the South Carolina Court of Appeals has stated, a prosecutor's

typical duties are 'judicial' or 'quasi-judicial' in nature. *Williams v. Condon*, 347 S.C. 227, 249 (Ct. App. 2001). Furthermore, the SCTCA incorporates the common law prosecutorial immunity doctrine. *Id.* at 250.

As discussed above, after closely examining Plaintiff's complaint, the Court finds all of the alleged wrongdoings attributed to Defendant Terrell were taken within his capacity as an advocate. Accordingly, the Court finds that Defendant Terrell is immune from Plaintiff's abuse of process, intentional infliction of emotion distress, and malicious prosecution claims based on the text of the SCTCA. *See Williams v. Condon,* 347 S.C. at 250 ("[T]he law is clear that a prosecutor cannot be sued in his official capacity under either § 1983 for money damages or the Tort Claims Act when the acts complained of were 'judicial" or "quasi-judicial" in nature.").

## IV. Conclusion

Based on the reasons set forth above, the Court adopts the R&R as the Order of the Court and overrules Plaintiff's objections.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

September 14, 2023
Charleston, South Carolina

6